UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Scott McCall,<br><br>Plaintiff,<br><br>v.<br><br>Isaac Fekete, Malachi Fleming, Brandon Moore,<br><br>Defendants. | ) | C/A No. 6:25-cv-13521-JDA-WSB<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 33. Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

## BACKGROUND

### Procedural History

Plaintiff commenced this action on November 24, 2025, by filing a Complaint on the standard form seeking relief pursuant to § 1983. ECF No. 1. By Order dated November 25, 2025, service of process was authorized on Defendants. ECF No. 7. Defendants subsequently filed their Answer on December 22, 2025. ECF No. 14.

On March 31, 2026, Defendants filed a Motion for Summary Judgment. ECF No. 33. On April 1, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he

failed to respond adequately to Defendants' Motion. ECF No. 34. Plaintiff filed a Response to Defendants' Motion on April 13, 2026. ECF No. 36. Plaintiff also filed two documents entitled "Affidavits" on April 15, 2026, and April 17, 2026, and a letter discussing his state court proceedings on April 20, 2026. ECF Nos. 37; 38; 39. Defendants' Motion is now ripe for review.

**Factual Background**

Plaintiff is a pretrial detainee currently incarcerated at the Greenville County Detention Center ("GCDC"). The events giving rise to Plaintiff's claims occurred during his arrest. Defendants do not dispute the events described in the Complaint, which detail the following sequence of events. On September 28, 2025, at 7:00AM, Officer Isaac Fekete approached Plaintiff while he was sitting in his car in an InTown Suites parking lot. ECF Nos. 1 at 4; 1-1 at 1. Plaintiff reached for the keys in the passenger seat, inserted them into the ignition, and cracked the window "to see what [Officer Fekete] needed." ECF No. 1-1 at 1. At this time, Plaintiff observed other officers arriving at the scene. *Id.* Officer Fekete asked Plaintiff to exit the car after observing that Plaintiff was "slurring" his words. *Id.* Plaintiff refused, stating that he wished to remain in the car and that he was "aware of [his] rights." *Id.* Plaintiff then began "looking around" for his phone to record the encounter. *Id.* When Officer Fekete asked what he was searching for, Plaintiff responded that he was searching for his phone. *Id.* Officer Fekete stated that he felt unsafe, to which Plaintiff replied, "get away from my car no one called you[.]" *Id.*; ECF No. 37 at 1. Officer Fekete reached through the car window, unlocked the door, and informed Plaintiff that he was under arrest. ECF Nos. 1 at 5, 6; 1-1 at 1. No sobriety test was administered; however, Plaintiff maintains he was not intoxicated. ECF Nos. 1 at 6; 1-1 at 1; 36 at 1; 37 at 1.

Meanwhile, additional officers arrived at the scene and opened Plaintiff's car door. ECF Nos. 1-1 at 1; 37 at 1. Officer Malachi Fleming punched Plaintiff twice in the face and kicked him

in the face. ECF Nos. 1 at 4-5; 1-1 at 1; 37 at 1. Officer Brandon Moore tased Plaintiff and dragged him from the car, causing Plaintiff's pants to fall down, before "slamming" him onto the pavement and handcuffing him. ECF Nos. 1 at 5; 1-1 at 1-2; 37 at 1. As officers detained him, Plaintiff "yelled" that the officers were violating his rights, to which an officer responded, "you ['re] intoxicated." ECF No. 1-1 at 2. Officers then lifted Plaintiff off the ground by his handcuffs and "slammed" him onto the police car. *Id.* An unknown officer pulled up Plaintiff's pants and "groped [his] rear in an unsettling manner." *Id.* Officers then searched Plaintiff's person and his car while Plaintiff continued to yell assertively that the officers were violating his rights. *Id.*; ECF No. 37 at 1-2. An unknown officer "with dark hair and a mustache" remarked that, if he had been the responding officer, "he would have shot [Plaintiff]." ECF No. 1-1 at 2. Plaintiff asked whether the officers were "ok with beating [him] and violating [his] rights[,]" but the officers ignored his question. *Id.* at 2-3. At some point, an officer removed one of the taser probes from Plaintiff's skin, and EMT arrived to assess Plaintiff's vitals. *Id.* at 3. Plaintiff was subsequently transported to jail, where the second taser probe was removed. *Id.* Following his arrest, Plaintiff was charged with public disorderly conduct, possession of marijuana, third-degree assault and battery, possession of other controlled substance, and resisting arrest. These charges all remain pending against Plaintiff.[1]

---

[1] Based on a review of the Greenville County Thirteenth Judicial Circuit Public Index, all charges remain pending against Plaintiff as of the date of this Report and Recommendation. *See* https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search by Plaintiff's first and last name) (last visited Oct. 20, 2026). The Court is permitted to take judicial notice of the records in Plaintiff's pending criminal cases in state court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records).

Plaintiff alleges that Officer Fekete was untruthful in his Affidavit and "fabricated evidence" by accusing Plaintiff of being intoxicated. *Id.*; ECF No. 37 at 2. He further contends that the other officers falsely stated in their Affidavits that Plaintiff was intoxicated, acted with malice after Plaintiff asserted his right to remain inside the car, failed to report or intervene, demonstrated deliberate indifference, and muted their body video cameras during the incident. ECF Nos. 1 at 6; 37 at 2. According to Plaintiff, the incident injured his right shoulder and left hip and caused him to lose three of his lower teeth. ECF No. 1 at 6. Plaintiff also asserts that despite being tased, he was not transported to a hospital and is "still recovering from excessive force." *Id.* For relief, Plaintiff seeks declaratory relief, preliminary relief in the form of "immediate release/dismissal of charges[,]" punitive damages, damages for his three lost teeth and loss of mobility in his leg, damages for his car, damages for mental anguish and irreparable loss of time, and $750,000. *Id.*

**Plaintiff's Other Federal Court Cases**

This is one of seven actions filed by Plaintiff in this Court within the span of several months, with most of the claims in the cases related to the same underlying incidents surrounding Plaintiff's arrest, incarceration, and pending charges.[2]

First, Plaintiff filed an action pursuant to § 1983 against Scotty Bodiford and Judge Hudson asserting claims of unlawful arrest, false imprisonment, and excessive force. That action was dismissed on January 5, 2026. *See McCall v. Bodiford*, C/A No. 6:25-cv-13422-JDA-WSB (D.S.C.).

[2] Plaintiff also filed an eighth action pursuant to § 1983 against Teal Johnson and Charles Snyder alleging ineffective assistance of counsel. That action was dismissed on April 24, 2026. *See McCall v. Johnson*, C/A No. 6:26-cv-01259-JDA-WSB (D.S.C.).

Second, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to his claims that he was illegally seized, unlawfully arrested, and subjected to fabricated evidence. That action was dismissed on January 5, 2026.[3] *See McCall v. Bodiford*, C/A No. 8:25-cv-13452-JDA-WSB (D.S.C.).

Third, Plaintiff filed an action pursuant to § 1983 against Isaac McKenzie, Juan Olalde, and an Unknown Officer asserting claims of unlawful arrest, false imprisonment, and excessive force. That action was dismissed on January 28, 2026. *See McCall v. McKenzie*, C/A No. 6:25-cv-13952-JDA-WSB (D.S.C.).

Fourth, Plaintiff filed an action pursuant to § 1983 against Judge Hudson, GCDC, and Greenville County asserting claims of malicious prosecution, due process violations, excessive bail, fabrication of evidence, and denial of access to courts. That action was dismissed on February 6, 2026. *See McCall v. Judson*, C/A No. 6:26-cv-00056-JDA-WSB (D.S.C.).

Fifth, Plaintiff filed an action pursuant to § 2241 seeking habeas relief related to his claims that he was illegally seized, unlawfully arrested, and subjected to excessive bail and fabricated evidence. That action was dismissed on February 2, 2026. *See McCall v. Bodiford*, C/A No. 8:26-cv-00140-JDA-WSB (D.S.C.).

Sixth, Plaintiff filed an action pursuant to § 2241 seeking habeas relief related to his claims that he was unlawfully arrested and imprisoned. That action was dismissed on March 2, 2026. *See McCall v. Bodiford*, C/A No. 8:26-cv-00671-JDA-WSB (D.S.C.).

[3] After Judgement was entered on January 5, 2026, Plaintiff filed untimely objections which the Court addressed in a separate Order dated January 20, 2026.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Pleadings**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof

of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Claims Under § 1983**

Plaintiff's Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate

violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

Plaintiff alleges Defendants violated his rights under the Fourth and Fourteenth Amendments. ECF No. 1 at 4. Plaintiff also asserts claims for fabrication of evidence and "wrongful initiation of prosecution."[4] *Id.* Plaintiff asserts these claims against Defendants in their individual capacities. *Id.* at 2-3.

### Malicious Prosecution

Plaintiff alleges the officers lacked probable cause for his arrest as the officers "fabricated evidence by saying [he] was intoxicated[.]" ECF No. 1-1 at 3. Defendants argue that Plaintiff's claim for malicious prosecution fails as a matter of law because Plaintiff has not alleged facts showing his state criminal proceedings have ended without convictions. ECF No. 33-1 at 6-7.

---

[4] In the exhibits accompanying Plaintiff's Response to Defendants' Motion, Plaintiff appears to attempt to assert new claims of ineffective assistance of counsel against Teal Johnson and Charles Snyder. *See* ECF Nos. 37 at 3; 39 at 2. However, Johnson and Snyder are not Defendants in this action and have not been served with the Complaint. Additionally, Plaintiff cannot assert new claims in a Response. *See Sarno v. Wilson*, C/A No. 1:17cv953 (LO/JFA), 2018 WL 3638079, at *3 n.2 (E.D. Va. July 27, 2018) ("It is well accepted that a plaintiff, even one proceeding *pro se*, cannot amend his complaint by asserting new claims in an opposition brief to a motion for summary judgment."), *aff'd*, 755 F. App'x 321 (4th Cir. 2019); *Rogers v. Scott*, C/A No. 6:23-cv-604-SAL-KFM, 2023 WL 7024658, at *3 (D.S.C. Sept. 22, 2023) (providing that even a *pro se* plaintiff cannot raise or assert allegations in a response brief that are not otherwise properly before the Court in the actual pleadings), *R&R adopted by* C/A No. 6:23-cv-604-SAL, 2023 WL 7019285 (D.S.C. Oct. 25, 2023).

A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans*, 703 F.3d at 647. Under the favorable termination element, a plaintiff is not required "to show that the criminal ended with "some affirmative indication of innocence." *Thompson v. Clark*, 596 U.S. 36, 49 (2022). Rather, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.*

Plaintiff has not alleged facts showing that the criminal proceedings against him have ended without convictions. Indeed, the charges against Plaintiff remain pending. *See* Greenville County Thirteenth Judicial Circuit Public Index, *available at* https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search by Plaintiff's first and last name) (last visited Oct. 20, 2026). As such, Defendants' Motion for Summary Judgment as to Plaintiff's malicious prosecution claim should be granted.

**Unlawful Search and Seizure**

Plaintiff appears to allege violations of the Fourth Amendment for an unlawful search and seizure resulting in his arrest as he claims Defendants "fabricated evidence by saying [Plaintiff] was intoxicated [and] had no probable cause to warrant [his] arrest[.]" ECF No. 1-1 at 3. Defendants argue that this claim fails as a matter of law because Plaintiff has not alleged facts showing he was arrested without probable cause or alleged any deficiencies with the probable cause warrants. ECF No. 33-1 at 6-7.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for unlawful arrest unless the officer lacked probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974).

According to the public index, Plaintiff was indicted by a grand jury on the charges brought against him for public disorderly conduct, third-degree assault and battery, possession of other controlled substance, and resisting arrest. The indictments against Plaintiff conclusively determine the existence of probable cause as to those indicted charges. *See Kaley v. United States*, 571 U.S. 320, 328 (2014) ("[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' we have explained, 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." (citations omitted)); *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) ("By law, 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'")); *Norton v. Tabron*, 727 F. App'x 762, 765 (4th Cir. 2018) (affirming dismissal of the plaintiff's Fourth Amendment claims because the grand jury indictments against him "conclusively determine[d] the existence of probable cause" to support his arrest and prosecution).

As to the remaining possession of marijuana charge, Plaintiff has not alleged any facts demonstrating that he was arrested without probable cause. The public index reflects that Plaintiff was arrested pursuant to a warrant on this charge, and he identifies no substantive deficiencies in

the probable cause supporting that warrant. *See Foye v. Lassiter*, C/A No. 7:23-CV-009-FL, 2023 WL 7782996, at *3 (E.D.N.C. Nov. 15, 2023) (finding the plaintiff's claim for unlawful arrest fails because the plaintiff failed to allege facts upon which to infer the defendant lacked probable cause to arrest the plaintiff on all charges); *Williams v. Sims*, C/A No. 3:10-862-CMC, 2012 WL 4322085, at *5 (D.S.C. Sept. 20, 2012) (dismissing the plaintiff's unlawful arrest claim because the plaintiff offered no evidence showing the defendant lacked probable cause to seek the issuance of the arrest warrants other than the plaintiff's conclusory assertion that the affidavits were false); *United States v. Pulley*, 987 F.3d 370, 377 (4th Cir. 2021) (holding that conclusory allegations of a defect in a warrant affidavit are insufficient due to the warrant's presumption of validity, and "defendants must offer proof by a preponderance of intentional or reckless falsehood to prevail"). Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's unlawful search and seizure claim should be granted.

**Excessive Force**

Plaintiff asserts Defendants used excessive force during Plaintiff's arrest. Because the alleged use of excessive force occurred during his arrest, Plaintiff's claims are governed by the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original).

The Fourth Amendment "prohibits police officers from using force that is 'excessive' or not 'reasonable' in the course of making an arrest." *Meyers v. Balt. Cnty., Md.*, 713 F.3d 723, 732 (4th Cir. 2013) (quoting *Graham*, 490 U.S. at 395). "Claims that police officers used excessive

force to seize a citizen ... are cognizable under § 1983." *Hembree v. Branch*, C/A No. 3:17-cv-485-FDW, 2018 WL 4283060, at *3 (W.D.N.C. Sept. 7, 2018) (citing *Graham*, 490 U.S. 386). When determining whether an officer used excessive force during an arrest, courts examine the facts and circumstances of each case, including (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021) (quoting *Graham*, 490 U.S. at 396). Courts also consider the "extent of the plaintiff's injuries." *Nichols v. Bumgarner*, 173 F.4th 511, 520 (4th Cir. 2026) (quoting *Nazario v. Gutierrez*, 103 F.4th 213, 234 (4th Cir. 2024)). Police officers may "exert some physical force to effectuate the order," and, unless the force is excessive, they do not violate the Fourth Amendment in doing so. *Coleman v. Calvert Cnty.*, C/A No. GJH-15-cv-920, 2016 WL 5335477, at *4 (D. Md. Sept. 22, 2016). Additionally, "[a]s a general rule, officers conducting an arrest or investigatory stop are authorized to take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo during the course of the arrest and/or stop." *Newman v. Green*, 198 F. Supp. 2d 664, 668 (D. Md. 2002) (citing *United States v. Leshuk*, 65 F.3d 1105, 1109 (4th Cir. 1995)). "A claim of excessive force by police during an arrest is properly analyzed under the Fourth Amendment by a determination of whether the officer's conduct was 'objectively reasonable.'" *El v. Wean*, C/A No. 2:16-cv-01152-DCN, 2017 WL 3910864, at *3 (D.S.C. Sept. 7, 2017) (citations omitted).

***Officer Fekete's Use of Force***

Plaintiff alleges that Officer Fekete used excessive force when he lowered Plaintiff's car window and unlocked the car door. ECF Nos. 1 at 4-5; 1-1 at 1. Defendants argue that the force

used by Officer Fekete was reasonable because Plaintiff refused to comply with instructions and began reaching around for an unknown object. ECF No. 33-1 at 10.

Turning to the first *Graham* factor, Plaintiff was arrested and charged with public disorderly conduct, possession of marijuana, third-degree assault and battery, possession of other controlled substance, and resisting arrest. Although Defendants concede that public disorderly conduct alone is not a severe or dangerous crime, the third-degree assault and battery and resisting arrest charges indicate that Plaintiff posed a serious threat to Officer Fekete and other officers. As such, the first *Graham* factor is at least neutral and may weigh slightly in favor of Defendants. *See Est. of Armstrong ex rel. Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 900 (4th Cir. 2016) (providing that the first *Graham* factor is intended as a proxy for determining whether an officer had any reason to believe that the individual was potentially dangerous); *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 180 (4th Cir. 2018) (considering misdemeanor assault a serious offense because it "can be considered violent if committed by any person"); *Felder v. Baker*, C/A No. 6:25-cv-00437-JDA-KFM, 2025 WL 2955881, at *3 (D.S.C. Sept. 19, 2025) (finding the first *Graham* factor weighed in favor of the defendant where the plaintiff was charged with third-degree assault and battery), *R&R adopted by* C/A No. 6:25-cv-00437-JDA, 2025 WL 2962658 (D.S.C. Oct. 20, 2025).

The remaining *Graham* factors weigh in Defendant's favor as Officer Fekete had adequate reason to believe Plaintiff posed an immediate threat to the safety of the officers at the scene. The record demonstrates that Plaintiff actively resisted arrest when he refused to comply with Officer Fekete's instructions to exit the vehicle. Significantly, Plaintiff began reaching around in his car during his interaction with Officer Fekete, which would lead a reasonable officer to believe Plaintiff was reaching for a weapon. *See Adams v. Dodrill*, C/A No. 2:24-00315, 2026 WL

2126480, at *11 (S.D.W. Va. June 24, 2026) (finding the *Graham* factors weighed in favor of the defendant because a reasonable officer could have believed the plaintiff was armed and posed an immediate threat when the plaintiff refused to comply with the officer's instructions and attempted to reach inside his crossbody bag), *R&R adopted by* C/A No. 2:24-cv-00315, 2026 WL 2105710 (S.D.W. Va. July 21, 2026).

In light of these circumstances, Officer Fekete's use of force to lower Plaintiff's car window and unlock the door to detain Plaintiff was objectively reasonable. *See Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) (quoting *Graham*, 490 U.S. at 396-97) (providing that the relevant inquiry is "whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force"); *Kimpel v. Bd. of Cnty. Comm'rs of Cecil Cnty.*, C/A No. CCB-06-0097, 2009 WL 890092, at *10 (D. Md. Mar. 25, 2009) (finding the officer's decision to break the plaintiff's car window was reasonable under the circumstances because the plaintiff refused to obey repeated orders to step out of his car, was fleeing apprehension, and was possibly armed). Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's claim for excessive force against Officer Fekete should be granted.

***Officer Fleming's Use of Force***

Plaintiff alleges Officer Fleming used excessive force when he punched Plaintiff twice in the face and kicked him in the face. ECF Nos. 1 at 4-5; 1-1 at 1. Defendants argue that Officer Fleming's use of force was reasonable because Plaintiff was resisting arrest, disregarding officers' instructions, and suspected to be a danger to officers and the public. ECF No. 33-1 at 10-11.

The United States Court of Appeals for the Fourth Circuit and other circuits have held that that the use of punches against a resisting suspect does not constitute excessive force when the *Graham* factors weigh in the officer's favor. *See, e.g.*, *Wilson v. Flynn*, 429 F.3d 465, 467-68 (4th

Cir. 2005) (holding that punching a suspect in the face while spraying his eyes with mace was reasonable given the *Graham* factors weighed in the officers' favor); *Brax v. City of Grand Rapids*, 742 F. App'x 952, 957 (6th Cir. 2008) (holding an officer's "split-second judgment that a single punch was necessary to subdue a drunk, strong, and resisting young [suspect]" was reasonable under the circumstances); *Conklin v. Hale*, 680 F. App'x 120, 123 (3d Cir. 2017) (holding that "evidence support[ed] the District Court's finding that [the defendant] applied force in a good faith manner to subdue [the plaintiff], not maliciously to hurt him," when the defendant put the plaintiff in a headlock and "administered two fist jabs"). Further, it is significant where the plaintiff admits the alleged excessive force ceased after officers handcuffed the plaintiff as this "supports a finding that the force used by officers was that force which was necessary to effect the arrest of an aggressive individual in a rapidly changing environment." *Wilson*, 429 F.3d at 468-69.

Because the *Graham* factors weigh in favor of Defendants, and Plaintiff was actively resisting arrest by refusing to comply with officers' orders to exit his car, Officer Fleming's use of force was objectively reasonable. *See Allen v. City of Dunn*, 708 F. Supp. 3d 743, 754-55 (E.D.N.C. 2023) (finding the officer's use of closed fist punches to subdue the plaintiff was reasonable where the plaintiff was actively resisting arrest and all the *Graham* factors favored the officers); *Mulder v. Norton*, C/A No. 5:13-CV-574-F, 2016 WL 3566655, at *8-9 (E.D.N.C. June 24, 2016) (finding no excessive force where officers allegedly pulled, hit, kicked, and used "other blunt objects" in restraining the plaintiff after he led officers on a high-speed chase and refused to submit to being handcuffed). Importantly, Plaintiff's own recitation of facts indicates that Officer Fleming ceased using force once Plaintiff was handcuffed. *See Dickerson v. City of Charleston Police Dep't*, C/A No. 1:09-2268-RMG-SVH, 2011 WL 43621, at *2 (D.S.C. Jan. 6, 2011) (finding no excessive force where the plaintiff conceded that any force by the defendants stopped when the plaintiff was

handcuffed). As such, Defendant's Motion for Summary Judgment as to Plaintiff's excessive force claim against Officer Fleming should be granted.

***Officer Moore's Use of a Taser***

Plaintiff alleges that Officer Moore used excessive force by tasing him. ECF Nos. 1 at 5-6; 1-1 at 1. Defendants argue that Officer Moore's use of the taser to subdue Plaintiff, who was actively resisting arrest and non-compliant, was reasonable under the circumstances. ECF No. 33-1 at 11-12. Additionally, Defendants argue that Plaintiff sustained no serious injury resulting from the single use of the taser. *Id.* at 12.

As discussed above, Plaintiff's own allegations and statements establish that he refused to cooperate and exit his car at the time of his arrest. Additionally, Plaintiff's movements inside the car while yelling at officers reasonably led the officers to believe that he posed a threat of serious harm. Plaintiff also presented no evidence that he sustained any injury specifically attributable to the taser. Under these circumstances, Officer Moore's single use of the taser was reasonable. *See Yarborough v. Montgomery*, 554 F. Supp. 2d 611, 619 (D.S.C. 2008) (quoting *Draper v. Reynolds,* 369 F.3d 1270, 1278 (11th Cir. 2004) (finding the officer did not use excessive force when administering a single blast from a taser to subdue the plaintiff as the use of the taser "was reasonably proportionate to the need for force and did not inflict any serious injury" on the plaintiff)); *Benson v. DeLoach*, C/A No. 8:09-00041-GRA-BHH, 2009 WL 3615026, at *7 (D.S.C. Oct. 28, 2009) (finding the officer's use of a taser was reasonable when the plaintiff was actively resisting arrest and refusing to cooperate and the officer perceived the plaintiff as a threat). Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's excessive force claim against Officer Moore should be granted.

***Unknown Officers' Use of Force***

Plaintiff alleges that officers lifted him up by his handcuffs and slammed him onto a police car during his arrest. ECF Nos. 1 at 5; 1-1 at 2. Defendants argue this claim must be dismissed as a matter of law.[5] ECF No. 33-1 at 12.

As an initial matter, Plaintiff brought this § 1983 claim against Defendants only in their individual capacities but has failed to specify which officers engaged in this alleged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); *Blessing v. Scaturo*, C/A No. 6:16-1832-BHH-KFM, 2017 WL 3575734, at *9 (D.S.C. July 28, 2017) ("[P]ersonal participation of a defendant is a necessary element of a Section 1983 claim against government officials in their individual capacities."), *R&R adopted by* C/A No. 6:16-1832-BHH, 2017 WL 3535104 (D.S.C. Aug. 17, 2017); *Wise v. C. Maruka*, C/A No. 1:20-00056, 2021 WL 1603819, at *20 (S.D.W. Va. Jan. 5, 2021) (finding the plaintiff's general allegation that the defendants used excessive force without identifying the specific defendant or the alleged misconduct taken by that defendant was insufficient to defeat the defendants' motion for summary judgment), *R&R adopted sub nom. Wise v. Maruka*, C/A No. 1:20-00056, 2021 WL 1146002 (S.D.W. Va. Mar. 25, 2021), *aff'd*, No. 21-6816, 2023 WL 1519515 (4th Cir. Feb. 3, 2023).

Even assuming Plaintiff alleges that all Defendants participated in lifting him up by his handcuffs and slamming him onto a police car, the circumstances justified the level of force used. As discussed above, Plaintiff repeatedly disregarded Officer Fekete's instructions to exit his car and continued yelling at officers throughout the encounter. Given Plaintiff's conduct, a reasonable

---

[5] Defendants also argue that body camera footage capturing the incident shows Plaintiff was not slammed onto a police car. ECF No. 33-1 at 12. However, Defendants did not submit body camera footage with the Motion for Summary Judgment.

officer would have perceived Plaintiff's actions as resistance warranting some degree of force to overcome such resistance. *See Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002) (holding that a police officer did not use excessive force when he handcuffed the plaintiff and dragged her to a police cruiser after she refused to move her vehicle when ordered to do so). Moreover, Plaintiff does not allege experiencing any particular pain or identify any specific injury resulting from this use of force. *See Mensh v. Dyer*, 956 F.2d 36, 40 (4th Cir. 1991) (considering the lack of physical injury in holding that officers did not use excessive force when they handcuffed and pushed the plaintiff into a wall); *Darnell v. Phillips*, 914 F.2d 247 (Table), 1990 WL 134599, at *5 (4th Cir. 1990) (holding the officer did not use excessive force when he handcuffed the plaintiff tightly and "slammed" him against a cruiser because the plaintiff "did not indicate that he had found the act especially painful or that he had suffered any harm as a result of it"). Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims of excessive force should be granted.

**Qualified Immunity**

Defendants argue they are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities. ECF No. 33-1 at 4-6.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* To determine whether qualified immunity applies, a district court must determine whether a plaintiff has alleged the

deprivation of an actual constitutional right and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014); *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

Because Plaintiff has not established that Defendants violated his constitutional rights, Defendants are entitled to qualified immunity on the claims against them in their individual capacities.

***Younger* Abstention**

Defendants argue that Plaintiff's allegations of fabrication of evidence and wrongful initiation of prosecution are essentially challenges to Plaintiff's underlying criminal charges. ECF No. 33-1 at 6. Defendants further argue that granting Plaintiff's requested relief would require the Court to interfere with the ongoing state court criminal proceedings against Plaintiff. *Id.*

Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because she can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Under the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432-34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. Plaintiff can adequately litigate her federal constitutional rights in the state court proceedings. *See Miles v. Vandermosten*, C/A No. 8:23-cv-3365-JD-JDA, 2023 WL 6990911, at *5 (D.S.C. Aug. 29, 2023), *R&R adopted by* 2023 WL 6977602 (D.S.C. Oct. 23, 2023).

Here, the first prong of the abstention test is satisfied because Plaintiff is involved in ongoing state criminal proceedings. *See Boyd v. South Carolina*, C/A No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *R&R adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second prong is also satisfied as "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third prong is satisfied because Plaintiff can address his claims in his pending criminal proceedings. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant,* 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient

opportunity for vindication of federal constitutional rights.”)). Plaintiff’s case satisfies all three elements under the *Younger* abstention doctrine, and he has not demonstrated that extraordinary circumstances warrant this Court’s intervention. Accordingly, to the extent this action is an attempt by Plaintiff to have the Court interfere with his pending state court proceedings, such claims are without merit and subject to dismissal.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants’ Motion for Summary Judgment (ECF No. 33) be **GRANTED**.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

October 20, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).